IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RALPH ARNETT, et al.,

                    Plaintiffs,

v.                                     CIVIL ACTION NO. 2:10-cv-00114

MYLAN, INC., et al.,

                    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 20].  The Motion is **GRANTED**.

**I. Background**

This case presents an issue this court recently addressed in *Leonard v. Mylan*, __ F. Supp. 2d __, 2010 WL 2473302 (S.D. W. Va. 2010).  In *Leonard* the estate of a woman who allegedly died of a fentanyl overdose sued these same pharmaceutical-manufacturer defendants in the Southern District of West Virginia for products-liability torts. In that case, all of the relevant facts surrounding Ms. Leonard's death occurred in Michigan.  The defendants sought a 28 U.S.C. § 1404(a) transfer, which I granted.  The transfer issues in this case are indistinguishable from those in *Leonard*. Transfer is warranted.

       A. *Facts*

According to the Complaint, the plaintiff, Ralph Arnett, is the surviving spouse and personal representative of Susanne Arnett. Mr. Arnett resides in Norman, Oklahoma, which is located in the Western District of Oklahoma. He asserts that Mrs. Arnett died of fentanyl intoxication while using a 75 mcg/hr Mylan Fentanyl Transdermal System patch (the "patch") prescribed by her doctor. Mrs. Arnett died in Norman, Oklahoma. Her prescribing physician and the pharmacy that filled her prescription are also located there.

B. *Procedural History*

On February 3, 2010, Mr. Arnett, representing Mrs. Arnett's estate, sued the patch manufacturers for wrongfully causing Mrs. Arnett's death. The Complaint asserts claims for products liability, negligence, violation of the Oklahoma Consumer Protection Act (the "OCPA"), and negligent misrepresentation. It also alleges that there was an implied warranty of fitness and that the defendants engaged in wanton, willful, or reckless conduct.

On May 20, 2010, I granted the defendants' motion to dismiss the OCPA claim. The defendants filed the motion to transfer on July 2, 2010.

**II. Discussion**

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a). That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district. If so, then the court should consider several private- and public-interest factors: the ease of access to evidence; the convenience of the

-2-

parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice. *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). The party seeking transfer carries the burden of showing that the current venue is inconvenient. *N.Y. Marine & Gen. Ins. Co. V. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. V. Reyno*, 454 U.S. 235, 255 (1981).

Considering these factors, this case should be tried in the Western District of Oklahoma. First, this case could have originally been brought there, as subject-matter and personal jurisdiction, as well as venue, are all proper in that district. Second, the private- and public-interest factors favor transfer. Regarding the private-interest factors, all relevant facts in this case occurred in Oklahoma. The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Mrs. Arnett's medical providers — are in Oklahoma. Evidence regarding Mrs. Arnett's medical history and the circumstances surrounding her death will be found in Oklahoma. Furthermore, evidence related to the defendants' design and manufacture of the patch in possession of the defendants will be subject to the Oklahoma federal court's subpoena power. The cost to obtain witnesses in Oklahoma would also be less because the majority are located there. Because the majority of witnesses are located in Oklahoma, the Western District of Oklahoma would be a more convenient forum.

As for the public-interest factors, Oklahoma has a strong interest in having this case litigated locally. Oklahoma's interests include having one of its citizen's rights vindicated, as well as

protecting its other citizens from potentially harmful pharmaceutical drugs.  Conversely, West Virginia's interests are few.

Mr. Arnett has asked for a hearing on this motion so that further discovery may take place in hopes that additional evidence of witnesses and documents being located in West Virginia may be presented to the court.  The court does not believe that such a hearing would be helpful to its ruling.  The request for a hearing is therefore **DENIED**.

Justice is best served by having this case proceed in the Western District of Oklahoma.  The plaintiff's choice of forum is substantially outweighed by Oklahoma's position as the epicenter of this litigation.  Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

## IV. Conclusion

For the forgoing reasons, the Motion to Transfer [Docket 20] is **GRANTED**.  This case shall be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 13, 2010

Joseph R. Goodwin, Chief Judge